**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-02510** |
| | § | |
| **THE TITUS LAW FIRM PC,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wells Fargo Bank, N.A. ("Plaintiff" or "Wells Fargo"), files this its Original Complaint against Defendant The Titus Law Firm PC ("Titus" or "Defendant"), and in support thereof, respectfully show the Court the following:

**I.**

## INTRODUCTION

1.      This action arises out of check that Titus deposited in his Wells Fargo account that was later returned as altered.  As a result, the Titus account at Wells Fargo became overdrawn causing a loss to Wells Fargo in the principal amount of $250,000.00.

2.      Wells Fargo now sues Titus for breaching the applicable account agreement to recover its loss.

1

## II.

## PARTIES

3.      Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

4.      Titus is a Texas Domestic Professional Corporation with its principal place of business in Houston, Harris County, Texas.  Accordingly, Titus is a citizen of Texas.

## III.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

6.      Pursuant to 28 U.S.C. § 1391(a), venue is proper in the district because a substantial part of the events and conduct giving rise to the action occurred in Harris County, Texas.

## IV.

## ALLEGATIONS COMMON TO ALL COUNTS

7.      On or about November 7, 2022, Titus deposited check #43381554 from Aviva in the amount of $395,825.90 (the "Worthless Check") into his Wells Fargo Simple Business Checking Account with account number ending in 8703 (the "Titus Business Checking Account").

8.      Titus then transferred $385,248.90 in proceeds from the Worthless Check into his Basic Business Checking IOLTA (the "Titus IOLTA Account") with account number ending in 2168.

9.      The Titus Business Checking Account and the Titus IOLTA Account may collectively be referred to as the "Titus Accounts".

2

10.     Titus proceeded to withdraw, transfer, or otherwise use the proceeds from the Worthless Check.

11.     The Worthless Check was returned unpaid due to being altered, and the Titus Accounts became overdrawn and caused Wells Fargo to suffer a loss.

12.     Accordingly, Wells Fargo's total current loss is $250,000.00 (the "Overdraft Loss"), inclusive of all account fees charged to the Titus Accounts and credits for all payments made.

13.     Despite Wells Fargo's demands, Titus has failed to reimburse Wells Fargo for the Overdraft Loss.

14.      At all times material, the Titus Accounts were, and continue to be governed by that certain Wells Fargo Deposit Account Agreement, effective May 28, 2021 (the "Account Agreement").

15.     Wells Fargo retained the undersigned attorneys and is obligated to pay them a reasonable fee for services rendered.

16.     Pursuant to the terms of the Account Agreement, Wells Fargo is entitled to recover its reasonable attorneys' fees and costs incurred in bringing this action.

17.     All conditions precedent to this action have been satisfied, occurred, or have otherwise been waived.

**V.**

**CAUSES OF ACTION**

**COUNT I.  BREACH OF CONTRACT**

18.     Wells Fargo incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth at length herein.

19.     Pursuant to the terms of the Account Agreement, Titus is required to deposit sufficient funds to cover any overdraft and any service charges to the Titus Accounts.

20.     By virtue of overdrawing the Titus Accounts, Titus breached the terms of the Account Agreement.

21.     Despite Wells Fargo's demands, Titus failed and/or refused to reimburse Wells Fargo for the Overdraft Loss in its account, which balance remains due and owing to Wells Fargo.

22.     Additionally, as a result of Titus's breach of contract, Wells Fargo found it necessary to engage the undersigned attorneys to prosecute this action and agreed to pay such attorneys their reasonable and necessary fees, for which Wells Fargo also herein sues.  Wells Fargo's reasonable and necessary attorneys' fees are recoverable pursuant to the Account Agreement and Section 38.001 of the Texas Civil Practice and Remedies Code.

23.     As a consequence of Titus's actions and/or omissions, Wells Fargo has been damaged in the amount of the Overdraft Loss ($250,000.00), plus costs of this action, attorneys' fees, interest (pre-judgment and post-judgment), and for such other and further relief as this Court deems just and proper.

24.     Wells Fargo alleges that all conditions precedent to the recovery of damages sought herein have occurred, been performed, or been waived.

**VI.**

**<u>PRAYER FOR RELIEF</u>**

Wells Fargo prays for Judgment against Titus as follows:

a.     For damages in amount of at least $250,000.00,

b.     For recovery of its costs and reasonable attorneys' fees for bringing this action as a result of the Overdraft Loss;

c.     Pre-and post-judgment interest as provided by law; and

d.     All such further relief, whether general or specific, either at law or in equity, to which Plaintiff may show itself justly entitled.

Dated:  July 10, 2023

**FOX ROTHSCHILD LLP**

*/s/ Robert J. Palmer*
Robert J. Palmer
Texas Bar No. 24013286
Email: rpalmer@foxrothschild.com
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, Texas 75201
Tel. (972) 991-0889/Fax (972) 404-0516
*Counsel for Plaintiff*
*Wells Fargo Bank, N.A.*

5

145816636.1